

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Mr. Trimble:     Opinion No. O-5231

Re: Eligibility of Mr. E. W. Jackson
to the office of trustee of Aus-
tin Independent School District.

We beg to acknowledge receipt of your letter, asking for a legal opinion by this department upon the above-captioned subject-matter, your letter being as follows:

"At the school trustee election held in the Austin Independent School District on April 3, 1943, Mr. E. W. Jackson was elected as one of the trustees of said independent school district, and qualified as such trustee on April 12, 1943, by taking the oath of office. Mr. Jackson is one of the principal stockholders in and is general manager and Vice-President of The Steck Company, a corporation, holding contracts for the publication of several text books used in the public schools of Texas, and in the public free schools of Austin Independent School District. Mr. Jackson does not obtain or approve the publishing of contracts.

"* * * *."

Article 2910 of the Revised Civil Statutes provides:

Honorable T. M. Trimble - page 2

> "No member of the Board of Trustees of
> any public school, nor teacher in any of
> the public schools in this State, nor County
> or City Superintendent, University President,
> College President and any teacher in any in-
> stitution of higher learning, of public schools
> shall, during the term of his office as Trus-
> tee or Superintendent, or during the time of
> his employment as teacher, act as agent or at-
> torney for any textbook publishing company
> selling textbooks in this State. If, after
> election as trustee, County or City Superintend-
> ent, University President, College President
> and any teacher in any institution of higher
> learning, or employment as teacher, any per-
> son filling such position accepts the agency
> or attorneyship of any textbook publishing
> company, the acceptance of such agency or at-
> torneyship shall work a forfeiture of the of-
> fice or place in the public schools held at
> the time of the acceptance of such agency or
> attorneyship."

Under the facts as stated, it is the opinion of this department that Mr. Jackson is not eligible to the position of trustee.

It will be seen the statute above quoted pro-scribes one who acts "as agent or attorney for any text-book publishing company selling textbooks in this State."

The facts stated by you do not show that Mr. Jackson is an attorney for The Steck Company, nor any other such publishing company, but they do show that Mr. Jackson is the General Manager of The Steck Company, and this, we think, necessarily shows that he is an agent of the company. A general manager of a business concern is necessarily an agent thereof with respect to carrying on its ordinary business.

The cases hold that the term "general manager" is synonymous with the term "general agent", (Atlantic & P. R. Co. v. Reisner, 18 Kan. 458; Pittsburg Pipe & Supply Co. v. Federal Machine & Supply Co., 107 S. W. (2) 637);

Honorable T. M. Trimble - page 3

that it signifies one who has the authority to perform all things reasonably proper in the conduct of the concern's business, (Linton v. De'Yarmett, 212 S. W. 522; Braman v. Kennebec Gas & Fuel Co., 104 Atl. 3; Robert Lee Silver Mining Co. v. Omaha & Grant Smelting & Ref. Co., 26 P. 326; Kansas City v. Cullinan, 68 Pac. 1099; Kelly v. Newark Shoe Stores Co., 130 S. E. 32; Continental Supply Co. v. Forest E. Gilmore Co. of Texas, 55 S. W. (2) 622; Louisville, etc. Co. v. McVay, 98 Ind. 391; Bussell v. Dannenberg Co., 132 S. E. 230; Camacho v. Hamilton, etc. Co., 37 N.Y.S.725; Washington Gaslight Co. v. Lansden, (U.S.) 43 L. Ed. 543; Wainright v. P. H. & F. M. Roots Co., 97 N. E. 8), and the like powers and authority.

We will say, however, that Mr. Jackson, upon qualifying and assuming the duties of the office, became and will continue to be, so long as he holds the office, a de facto trustee, and his official acts are as lawful and binding as though he were a de jure officer. So that, your official relations as State Superintendent with the Board of Trustees will in all respects be unaffected by anything we have said in this opinion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED OPINION COMMITTEE BY CHAIRMAN

OS-MR

APPROVED MAY 7, 1943

ATTORNEY GENERAL OF TEXAS